

Mark Ankcorn (SBN 166871)
ANKCORN LAW FIRM, PC
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 870-0600
(619) 684-3541 fax
*mark@markankcorn.com*

Attorneys for Plaintiff



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

WALTER BRADLEY, on behalf of himself
and all others similarly situated,

        Plaintiff,

        v.

DISCOVER FINANCIAL SERVICES,

        Defendant.

Case No.

**CV 11   5746**

NC

**CLASS ACTION**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227**

Jury Trial Demanded

### INTRODUCTION

1.    WALTER BRADLEY ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant DISCOVER FINANCIAL SERVICES ("Discover" or "Defendant") in negligently, knowingly, and willfully contacting Plaintiff on his cellular telephone without his express prior consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and as to all other matters alleges upon information and belief.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because Plaintiff seeks up to

$1,500 for each call in violation of the TCPA which when aggregated among a proposed class number in the tens of thousands exceeds the $5,000,000 threshold. Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Accordingly, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 are present. Venue is proper in this district as Defendant resides within the district.

## PARTIES

3.      Walter Bradley is a natural person residing in California. He is an account holder of a cellular telephone number and pursuant to the terms of his contract he is charged for each call within the meaning of 47 U.S.C § 227(b)(1)(A)(iii).

4.      Defendant Discover Financial Services is a diversified financial services company that makes loans to consumers and business through its various subsidiaries. Discover services millions of consumer debts including credit card revolving credit under several different brands and service marks. Discover has its headquarters at 2500 Lake Cook Road in the city of Riverwoods, Illinois, and operates in every state including California.

## FACTUAL ALLEGATIONS

5.      Through its subsidiaries and agents, Defendant employs thousands of persons at call centers throughout the country and overseas. These calling centers use automatic telephone dialing systems and computerized account information to track, record, and maintain the millions of consumer debts serviced by Discover.

6.      Defendant used an automatic telephone dialing system to call Plaintiff on his cellular telephone. At no time did Defendant have Plaintiff's express permission to do so.

7.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, *inter alia*, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express

COMPLAINT

ANKCORN LAW FIRM
9845 ERMA ROAD, SUITE 300• SAN DIEGO, CALIFORNIA 92131

1    consent of the called party.

2        8.    47 U.S.C. § 227(b) states in pertinent part:

3    **(b) Restrictions on use of automated telephone equipment**
(1) Prohibitions. It shall be unlawful for any person within the United States, or any

4    person outside the United States if the recipient is within the United States—
    (A)  to make any call (other than a call made for emergency purposes or made

5            with the prior express consent of the called party) using any automatic
        telephone dialing system or an artificial or prerecorded voice— . . .

6          (iii)  to any telephone number assigned to a paging service, cellular telephone
          service, specialized mobile radio service, or other radio common carrier

7              service, or any service for which the called party is charged for the call;

8         ...
(3) Private right of action. A person or entity may, if otherwise permitted by the laws

9    or rules of court of a State, bring in an appropriate court of that State—
    (A)  an action based on a violation of this subsection or the regulations prescribed

10           under this subsection to enjoin such violation,
    (B)  an action to recover for actual monetary loss from such a violation, or to

11           receive $500 in damages for each such violation, whichever is greater, or
    (C)  both such actions.

12   If the court finds that the defendant willfully or knowingly violated this subsection or
the regulations prescribed under this subsection, the court may, in its discretion,

13   increase the amount of the award to an amount equal to not more than three times the
amount available under subparagraph (B) of this paragraph.

14       9.    According to findings by the Federal Communication Commission ("FCC"), the

15   agency Congress vested with authority to issue regulations implementing the TCPA, such calls are

16   prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

17   nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and

18   inconvenient. The FCC also recognized that wireless customers are charged for incoming calls

19   whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the*

20   *Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd

21   14014 (2003).

22       10.    On January 4, 2008, the FCC issued a Declaratory Ruling confirming that autodialed

23   and prerecorded message calls to a wireless number by a creditor or on behalf of a creditor are

24   permitted only if the calls are made with the "prior express consent" of the called party. *In the Matter*

25   *of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC

26   Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008

27   WL65485 (F.C.C.) (2008).

28

ANKCORN LAW FIRM
9845 ERMA ROAD, SUITE 300 • SAN DIEGO, CALIFORNIA 92131

COMPLAINT

1

2

3

4

5

6

7

8

9

10

ANKCORN LAW FIRM
9845 ERMA ROAD, SUITE 300 • SAN DIEGO, CALIFORNIA 92131

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.     The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶10).

12.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff gave his express consent to call his cell phone within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

13.     Plaintiff never gave his express consent to receive calls on his cellular telephone.

14.     To the contrary, during several of the calls, Plaintiff clearly and unequivocally instructed Discover and its agents to stop calling his cell phone.

15.     Plaintiff did not list a cellular phone number in or on any documents during the transaction that resulted in the debt allegedly owed to Defendant.

16.     Defendant acted willfully or knowingly or both in calling numbers using an autodialer without regard to the TCPA or whether the number was assigned to a cellular telephone.

17.     At least 25 calls were placed by Defendant or its representatives, contractors, or agents, to Plaintiff's cellular telephone using an automatic telephone dialing system.

18.     Many of these calls used an artificial or pre-recorded voice to leave a message or give instructions.

19.     In calling Plaintiff on his cellular telephone lines dozens of times at multiple times per day, Discover violated 47 U.S.C. § 227(b).

## Class Action Allegations

20.     Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and on behalf of all others similarly situated.

21.     The proposed Class that Plaintiff seeks to represent is defined as follows:

> All persons within the United States who, on or after November 30, 2007, received an non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent

4

for such calls during the transaction that resulted in the debt owed.

22.    Collectively, these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Defendants and any entities in which Discover or its subsidiaries have a controlling interest, Defendant's agents and employees, the judicial officer to whom this action is assigned and any member of the court staff and immediate family, and claims for personal injury, wrongful death, and emotional distress.

23.    Plaintiff does not know the exact number of members in the Class, but based upon Discover's representations as to its market share in the United States, Plaintiff reasonably believes that Class members number at minimum in the hundred thousands. This Class size includes consumers holding credit cards issued by Discover under any of its subsidiary brands and affiliates, as well as persons who co-signed for such credit cards; consumer and business loans serviced by Discover or its affiliates; and all other persons whom Defendant or its affiliates dialed (or mis-dialed).

24.    There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including, whether Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, in violation of the TCPA.

25.    Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26.    Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in class and complex litigation.

27.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for the following reasons:

    a.  It is economically impractical for members of the Class to prosecute individual actions;

ANKCORN LAW FIRM
9845 ERMA ROAD, SUITE 300 • SAN DIEGO, CALIFORNIA 92131

    b.  The Class is readily definable; and

    c.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

28. A class action will cause an orderly and expeditious administration of the claims of the Class. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

29. Plaintiff does not anticipate any undue difficulty in the management of this action.

### FIRST CLAIM FOR RELIEF
Negligent Violations of the TCPA

30. Plaintiff re-alleges and incorporate by reference the above paragraphs as though set forth fully herein.

31. The foregoing act and omissions of Discover constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

32. As a result of Discover's negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call placed in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Discover in the future.

### SECOND CLAIM FOR RELIEF
Knowing or Willful Violations of the TCPA

34. Plaintiff re-alleges and incorporate by reference the above paragraphs as though set forth fully herein.

35. The foregoing acts and omissions of Discover constitute numerous and multiple knowing or willful, or both, violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36. As a result of Discover's knowing and willful violations of the TCPA, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500 for each and every call in

6

1 violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

2     37.    Plaintiff and Class members are also entitled to and do seek injunctive relief

3 prohibiting such conduct violating the TCPA by Discover in the future.

5 **PRAYERS FOR RELIEF**

6     WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant

7 Discover Financial Services for the following:

8     1.    An injunction against the calling of cellular telephones by Discover's call centers,

9 except where the cellular telephone subscriber has provided prior express consent to the calls;

10     2.    Damages pursuant to 47 U.S.C. § 227(b)(3);

11     3.    Costs of litigation and reasonable attorneys' fees;

12     4.    Such other and further relief as the court may deem just and proper.

13 DATED: November 28, 2011    ANKCORN LAW FIRM, PC

By:   _____

Mark Ankcorn
Attorney at Law

COMPLAINT